UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS TOOLEY, | ) | |
| an individual, | ) | |
| | ) | CASE NO.:  1:19-cv-00755 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SECOND EMERSON COMMONS WAY, LLC, | ) | |
| an Indiana Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues SECOND EMERSON COMMONS WAY, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

1

4.       Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5.       Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and sometimes requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis.[1]

6.       Defendant, SECOND EMERSON COMMONS WAY, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana.  As per County property records, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subject of this action, to wit: the "Property," known as Emerson Commons Shoppes generally located at 6905 S. Emerson Ave, Indianapolis, IN 46237, in Marion County.  Defendant is responsible for complying with the obligations of the ADA.

7.       All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.       Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.       The Property, a neighborhood shopping plaza, is open to the public and provides goods and services to the public.

10.       Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property.  MR. TOOLEY plans to

---

[1] Mr. Tooley is capable of walking very short distances without assistance.

return to the Property in the near future. However, if not for the barriers to access, Plaintiff would visit and patronize the Property more often.

11.     While at the property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12.     MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and which hindered Plaintiff's access to the Property:

    A.    Plaintiff encountered inaccessible parking designated for disabled use due to a lack of any signage to identify the spaces as reserved exclusively for disabled use near Gamestop and the Qdoba Mexican Grill.

    B.    Plaintiff encountered inaccessible parking designated for disabled use due to excessive slopes and a curb ramp protruding into the access aisle of the two (2) disabled use spaces near Gamestop.

    C.    Plaintiff encountered inaccessible parking designated for disabled use at the rear of Qdoba due to a failure to provide any access aisle and excessive slopes.

    D.    Plaintiff encountered inaccessible curb ramps at the Property due to excessive slopes and steep side flares.  Additionally, as noted above, the curb ramp near Gamestop protrudes into the parking spaces.  Furthermore,

3

the curb ramp at the rear of Qdoba is obstructed when vehicles are parked in the adjacent space.

14.     Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.  The barriers described above represent a sample of said barriers to access.  Only after a full inspection is performed by an expert can all barriers be readily identified and catalogued.

15.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.     That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

4

B.      That the Court enter an Order directing Defendant to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: February 20, 2019.

Respectfully Submitted,

By:     *Louis I. Mussman*              .
        Louis I. Mussman, Esq.
        Bar No. 597155
        Ku & Mussman, P.A.
        18501 Pines Blvd, Suite 209-A
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (305) 891-4512
        Louis@KuMussman.com

        and

        Eric C. Bohnet, Esq.
        Attorney No. 24761-84
        Attorney at Law
        6617 Southern Cross Drive

Indianapolis, Indiana  46237
Tel: (317) 750-8503
ebohnet@gmail.com